# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMON MORRISON, <br>     Petitioner, <br>   v. <br> JEFF MACOMBER, Warden, <br>     Respondent. | Case No. CV 16-68-GW (SP) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which petitioner has objected.

With his Objections, petitioner submitted additional documents that indicate attorney Sammy Weiss may indeed have been retained to file a habeas petition for petitioner, although the documents do not clearly reveal why he did not do so. Attachment 1 to the Objections (which was also Exhibit 1 to the Opposition to the Motion to Dismiss) is an email from sammyweisslaw@gmail.com stating Weiss's last date of service (to an unspecified person who may or may not have been petitioner) was in July 2015. Attachment 2 to the Objections (which is new) is a

letter from Weiss himself stating he was hired by petitioner to "handle his Appeal and Habeas Corpus," and represented him from May 2013 to May 2015. The other attachments to the Objections do not address the date Weiss's period of retention ended.

Even if Weiss actually promised to file a habeas petition for petitioner and failed to do so, and even assuming this constituted abandonment, petitioner still has made no showing he pursued his rights diligently so as to warrant equitable tolling of the limitation period. There is no indication petitioner himself did anything to follow up with Weiss during Weiss's two-year period of retention to make sure he had filed a habeas petition. *See Rudin v. Myles*, 781 F.3d 1043, 1056 (9th Cir. 2014) (petitioner found diligent where she made "repeated attempts" to contact counsel who did not respond, and then filed motion to substitute counsel, as she was precluded by local rules from filing own collateral review brief). Further, the record shows Weiss's last day of service was in either May 2015 or July 2015, both of which are before the applicable limitation period expired on August 9, 2015. Petitioner has made no showing that, once Weiss ceased to represent him, petitioner made an effort to file a habeas petition before the August 9, 2015 deadline; instead, petitioner waited until December 2015 to file the instant Petition raising the same claims he raised in his prior case in this Court.

As modified by this discussion of the additional documents included with petitioner's Objections, the Court accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE ORDERED that respondent's Motion to Dismiss is granted, and Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED: October 8, 2017

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

2